UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| C-BYTE COMPANY, INC., et al., | Case No. 2:14-CV-1231 JCM (VCF) |
| Plaintiff(s), | ORDER |
| v. | |
| VEGAS BRAND ENTERPRISES INC., et al., | |
| Defendant(s). | |

Presently before the court is *pro se* plaintiffs C-Byte Company, Inc. and Trevor Biscope's motion to enforce stay. (Doc. # 1). Defendants did not file a response and the deadline to do so has passed.

Also before the court is defendants Vegas Brand Enterprises, Inc., C-Byte Computer Systems, LLC, Wanda Brink, Ron Brink, National Arbitration Forum, Houston Putnam Lowry, and Debrett G. Lyons' motion to dismiss plaintiffs' "motion to enforce stay." (Doc. # 8). Plaintiffs filed a response (doc. # 12) and defendants filed a reply (doc. # 8).

This matter involves a dispute between the parties as to the ownership of several internet domain names. (Doc. # 8). Appointed arbitrators have held twice that the domain names at issue belong to defendants and have ordered those domain names be transferred back to defendants. (Doc. # 8-1). Plaintiffs disagree with the arbitration decisions and appear to attempt to initiate an action in this court to overrule the prior arbitration decisions.

Plaintiffs have not filed a complaint in this action. Instead of filing a complaint, plaintiffs filed a motion to enforce stay. (Doc. # 1). The court is unable to grant plaintiffs' motion to enforce stay, as plaintiff has failed to file a complaint initiating an action against defendants. *See* Fed. R. Civ. P. 3 ("A civil action is commenced by filing a complaint with the court."). Even if the court

**James C. Mahan**
**U.S. District Judge**

were able to consider plaintiffs' motion to enforce stay, the court fails to see how a stay is legally and factually supported in the instant action. Plaintiffs' motion to enforce stay is a jumble of confused legal arguments and cites no controlling law.

Though defendants filed a motion to dismiss plaintiffs' motion to enforce stay, it appears that defendants are actually moving to dismiss the case in its entirety. Defendants assert that plaintiffs have failed to (1) allege any facts to support a basis for subject matter jurisdiction under Rule 12(b)(1); (2) allege any facts to support a finding that this court has personal jurisdiction over the moving defendants under Rule 12(b)(2); and (3) state a claim upon which relief can be granted under 12(b)(6). Therefore, defendants assert that, based on plaintiffs' failure to file the information required by Rule 8(a) in their "complaint," dismissal of the action is appropriate for lack of subject matter jurisdiction, lack of personal jurisdiction, and failure to state a claim.

Because the court declines to view plaintiffs' motion to enforce stay as a complaint, defendants' arguments are premature. Defendants cannot assert these defenses before a complaint has been failed.

Accordingly,

IT IS HEREBY ORDERED ADJUDGED AND DECREED that plaintiffs' motion to enforce stay (doc. # 1) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that defendant's motion to dismiss plaintiffs' motion to enforce stay (doc. # 8) is DENIED as moot.

IT IS FURTHER ORDERED that, because plaintiffs have failed to commence a civil action pursuant to Federal Rule of Civil Procedure 3, the clerk of court shall close the case.

DATED March 16, 2015.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 2 -